IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ANGELA NAILS, | ) Civil No.: 3:15-cv-1032-JE |
| Plaintiff, | ) FINDINGS AND |
| | ) RECOMMENDATION |
| v. | ) |
| ERIC BEACH, | ) |
| Defendant. | ) |

Angela Nails
15406 Bellaire Ave.
Apt. M
Grandview, MO 64030

    Plaintiff *Pro Se*

JELDERKS, Magistrate Judge:

    Plaintiff Angela Nails brings this action against Defendant Eric Beach. With the filing of her original complaint, Plaintiff also applied to proceed *in forma pauperis* and moved for the appointment of pro bono counsel.

    In a Findings and Recommendation and Order dated August 18, 2015, I granted Plaintiff's *in forma pauperis* application, denied her motion for appointment of counsel and recommended that Plaintiff's claim be dismissed without prejudice and without service of

FINDINGS AND RECOMMENDATION – 1

process on the basis that it failed to state a claim upon which relief may be granted. Dkt. #9. That recommendation was adopted by the Honorable Marco Hernandez in an Order dated September 17, 2015. Dkt. #13. Judge Hernandez granted Plaintiff 30 days in which to file an amended complaint curing the deficiencies described in the Findings and Recommendation. Because Plaintiff did not have a current address on file she did not receive copies of Judge Hernandez's Order when it was originally issued. She was, therefore, granted an extension of time to file her amended complaint by Order dated November 5, 2015. Plaintiff then timely filed her amended complaint.

## Discussion

Plaintiff's original complaint was one of five that Plaintiff filed simultaneously in this Court. In her original complaint she appeared to allege that Defendant is an attorney who was representing a party adverse to Plaintiff in a case in the Washington County Circuit Court for the State of Oregon. Plaintiff alleged that Defendant failed to file an answer or respond to a Default Judgment on behalf of his client. Plaintiff further alleged that Defendant then filed a "motion to dismiss the default judgment." Plaintiff sought $175,000 in damages.

In my previous Findings and Recommendation, I explained that if Plaintiff were to file an amended complaint she must allege sufficient facts to satisfy the federal pleading standard set out by the federal rules of civil procedure and the Iqbal and Twombly cases. Plaintiff was also directed to set out a basis for this court's jurisdiction that complies with Fed. R. Civ. P. 8(a) and the applicable jurisdictional statutes. Plaintiff's amended complaint fails to fulfill either of these requirements.

FINDINGS AND RECOMMENDATION – 2

The allegations in Plaintiff's amended complaint are, if anything, more vague and incomprehensible than those contained in her original complaint. The amended complaint comprises two brief paragraphs that provide even less of a basis for this court to exercise jurisdiction and fail to even approach alleging "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also, Ashcroft v. Iqbal, 556 U.S. 662 (2009)(specifically applying Twombly analysis beyond the context of the Sherman Act). Furthermore, because an "amended pleading supersedes the original[,]"*Hal-Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542, 1546 (9th Cir.1990), Plaintiff's amended complaint cannot rely on or be supplemented by the allegations of her original complaint.

The deficiencies of Plaintiff's original complaint were carefully set out and Plaintiff was given leave to amend.  However, the Court's Order indicated that Plaintiff's failure to cure the deficiencies described would result in this case being dismissed with prejudice.  Plaintiff's amended complaint fails to comply with the Court's directive and should, therefore, be dismissed with prejudice.

## Conclusion

This action should be DISMISSED without service of process.  A judgment should be entered dismissing this action with prejudice.

## Scheduling Order

This Findings and Recommendation will be referred to a district judge.  Objections, if any, are due February 16, 2016.  If no objections are filed, then the Findings and

Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 27th day of January, 2016.

        /s/ John Jelderks
John Jelderks
U.S. Magistrate Judge

FINDINGS AND RECOMMENDATION – 4